1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10

IN RE:

11

APPLICATION OF FORBES MEDIA LLC
AND THOMAS BREWSTER TO UNSEAL
COURT RECORDS

12
13
14

Misc. Case No. 2:21-mc-0007 RSM

Related to Case. Nos. GJ-17-432
and GJ-19-097

MEMORANDUM OF POINTS
AND AUTHORITIES IN
SUPPORT OF PETITION TO
UNSEAL COURT RECORDS

15
16
17
18
19
20
21
22
23
24
25
26
27

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
APPLICATION TO UNSEAL COURT RECORDS (Misc. Case No. ____)
4842-9570-4024v.1 0050033-006147

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

FACTUAL BACKGROUND .............................................................................................. 1

I. The Government's Use of the All Writs Act to Obtain Technical Assistance From Private Technology Companies Is a Matter of Intense Public Interest. ........................... 1

II. The Government Has Used the All Writs Act to Obtain Orders Requiring Sabre to Provide Real-Time Intelligence About Travelers' Activities. ........................................ 2

III. The Sealed AWA Materials in this District Concern Similar AWA Orders to Sabre. ................................................................................................................................ 3

ARGUMENT ........................................................................................................................ 4

I. The Public Has a Strong Interest in Access to the Sealed AWA Materials. .................... 4

II. The Public Has a Common-Law and Constitutional Right to Access the AWA Materials. ........................................................................................................................... 5

    A. The Public Has a Common-Law Right of Access to the AWA Materials. ........... 6

    B. The Public Has a Constitutional Right of Access to the AWA Materials. ........... 7

        1. The Public Has a Constitutional Right of Access to the AWA Order. ................................................................................................................ 8

        2. The Public Has a Constitutional Right of Access to the Application and Supporting Materials. ........................................................................ 9

        3. The Public Has a Constitutional Right of Access to the Docket Sheet in Case Nos. GJ-17-432 and GJ-19-097. ...................................... 9

III. The Public's Rights of Access Can Be Overcome Only on a Compelling Showing That the Government Cannot Make in This Case. ....................................................... 10

CONCLUSION .................................................................................................................. 12

CERTIFICATE OF SERVICE .......................................................................................... 13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PETITION TO UNSEAL COURT RECORDS (Misc. Case. No. _____) - i
4842-9570-4024v.1 0050033-006147

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Carpenter v. United States*,
  138 S. Ct. 2206 (2018) ................................................................................................. 5

*Courthouse News Serv. v. Planet*,
  750 F.3d 776 (9th Cir. 2014) ....................................................................................... 4

*Doe Co. v. Pub. Citizen*,
  749 F.3d 246 (4th Cir. 2014) .............................................................................. 8, 9, 10

*EEOC v. Nat'l Children's Ctr., Inc.*,
  98 F.3d 1406 (D.C. Cir. 1996) ..................................................................................... 7

*Foltz v. State Farm Mutual Auto. Insurance Co.*,
  331 F.3d 1122 (9th Cir. 2003) .................................................................................. 6, 7

*FTC v. Standard Fin. Mgmt. Corp.*,
  830 F.2d 404 (1st Cir. 1987) ........................................................................................ 4

*Hartford Courant Co. v. Pellegrino*,
  380 F.3d 83 (2d Cir. 2004) ........................................................................................... 9

*In re Copley Press*, *Inc.*,
  518 F.3d 1022 (9th Cir. 2008) ............................................................................ 7, 8, 12

*In re Leopold to Unseal Certain Electronic Surveillance Applications and Orders*,
  964 F.3d 1121 (D.C. Cir. 2020) ...................................................................... 6, 7, 8, 10

*In re Motion to Compel Facebook to Provide Technical Assistance*,
  357 F. Supp. 3d 1041 (E.D. Cal. 2019) ...................................................................... 11

*In re N.Y. Times Co.*,
  585 F. Supp. 2d 83 (D.D.C. 2008) ......................................................................... 8, 11

*In re One Gray and Black Colored Apple iPhone*,
  No. 1:16-mj-02007 (D. Mass. Apr. 8, 2016) ......................................................... 10, 12

*In re Sealing and Non-Disclosure of Pen/Trap/2703(d) Orders*,
  562 F. Supp. 2d 876 (S.D. Tex. 2008) ......................................................................... 6

*In re Search Warrant for Secretarial Area Outside Office of Gunn*,
  855 F.2d 569 (8th Cir. 1988) ........................................................................................ 9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PETITION TO UNSEAL COURT RECORDS (Misc. Case. No. _____) - ii
4842-9570-4024v.1 0050033-006147

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*In the Matter of the Search of an Apple iPhone Seized During the Execution of a Search Warrant on a Black Lexus IS300, California License Plate 35KGD203*,
  No. ED 15-0451M, 2016 WL 618401 (C.D. Cal. Feb. 16, 2016) ............................................2

*Kamakana v. City of Honolulu*,
  447 F.3d 1172 (9th Cir. 2006) ...............................................................................6, 7, 11

*Marbury v. Madison*,
  5 U.S. (1 Cranch) 137 (1803) ..................................................................................................9

*New York Tel. Co.*, 434 U.S. at 171–75 ........................................................................................3

*Nixon v. Warner Commc'ns, Inc.*,
  435 U.S. 589, 597 (1978) ...............................................................................................6, 8, 11

*Press-Enter. Co. v. Superior Court*,
  478 U.S. 1 (1986) ............................................................................................................7, 11

*Press-Enter. Co. v. Superior Court*,
  464 U.S. 501 (1984) ........................................................................................................4, 11

*Press-Enter. Co. v. Superior Court*,
  478 U.S. 1, 8 (1986) ..............................................................................................................6

*Richmond Newspapers Inc. v. Virginia*,
  448 U.S. 555 (1980) ..............................................................................................................4

*Riley v. California*,
  573 U.S. 373 (2014) ..............................................................................................................5

*Seattle Times Co. v. U.S. Dist. Court*,
  845 F.2d 1513 (9th Cir. 1988) ..............................................................................................7

*Sheppard v. Maxwell*,
  384 U.S. 333 (1966) ..............................................................................................................4

*Smith v. U.S. District Court*,
  956 F.2d 647 (7th Cir. 1992) ................................................................................................4

*Times Mirror Co. v. United States*,
  873 F.2d 1210 (9th Cir. 1989) ..............................................................................................6

*Union Oil Co. of Cal. v. Leavell*,
  220 F.3d 562 (7th Cir. 2000) ................................................................................................8

*United States v. Appelbaum*,
  707 F.3d 283 (4th Cir. 2013) ................................................................................................7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PETITION TO UNSEAL COURT RECORDS (Misc. Case. No. _____) - iii
4842-9570-4024v.1 0050033-006147

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*United States v. Aref*,
    533 F.3d 72 (2d Cir. 2008) ................................................................................................5

*United States v. Doe*,
    870 F.3d 991 (9th Cir. 2017) ............................................................................................12

*United States v. Index Newspapers LLC*,
    766 F.3d 1072 (9th Cir. 2014) .........................................................................4, 8, 10, 12

*United States v. Mendoza*,
    698 F.3d 1303 (10th Cir. 2012) ..........................................................................................9

*United States v. N.Y. Tel. Co.*,
    434 U.S. 159 (1977) ............................................................................................................2

*United States v. Ressam*,
    221 F. Supp. 2d 1252 (W.D. Wash. 2002) .......................................................................8

**Federal Statutes**

All Writs Act, 28 U.S.C. § 1651 ............................................................................... *passim*

Judiciary Act of 1789 ......................................................................................................1

Judiciary Act of 1789, Chapter 20, §§ 13–14, 1 Stat. 73, 80–82 ...................................1

**Constitutional Provisions**

United States Constitution, Amendment I ..................................................... 7, 8, 9, 10

United States Constitution, Amendment IV ...................................................................5

**Other Authorities**

Alan Z. Rozenshtein, *Surveillance Intermediaries*, 70 Stan L. Rev. 99, 176–177
    (2018) ..................................................................................................................................2

*Amicus Briefs in Support of Apple*, Apple (Mar. 2, 2016), https://perma.cc/PL6K-
    S6WZ ...................................................................................................................................2

Jack Nicas & Katie Benner, *F.B.I. Asks Apple to Help Unlock Two iPhones*, N.Y.
    Times (Jan. 7, 2020) https://perma.cc/HBM2-TRVZ .................................................2

Janus Rose, *Apple's Next Encryption Battle is Likely Playing Out in Secret in a
    Boston Court*, Vice (Mar. 31, 2016), https://perma.cc/X7UA-D9YV ..................10

Justin Wm. Moyer, *FBI Director Makes Personal, Passionate Plea on Apple-San
    Bernardino Controversy*, Wash. Post (Feb. 22, 2016), https://perma.cc/J29X-
    S8X3 .....................................................................................................................................9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PETITION TO UNSEAL COURT RECORDS (Misc. Case. No. _____) - iv
4842-9570-4024v.1 0050033-006147

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Note, *Cooperation or Resistance?: The Role of Tech Companies in Government Surveillance*, 131 Harv. L. Rev. 1722, 1724 (2018) ................................................................. 2

Samuel I. Ferenc, Note, *Clear Rights and Worthy Claimants: Judicial Intervention in Administrative Action Under the All Writs Act*, 118 Colum. L. Rev. 127, 139–141 (2018) ............................................................................................................. 7

*Signed Memorandum Regarding New Docketing Procedures in W.D. Washington*, EFF (last visited Jan. 24, 2021), https://perma.cc/A7D2-P3PN .............................................. 3

Thomas Brewster, *The FBI Is Secretly Using a $2 Billion Travel Company as a Global Surveillance Tool*, Forbes (July 16, 2020), https://perma.cc/R96R-AXL9 ................................................................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PETITION TO UNSEAL COURT RECORDS (Misc. Case. No. _____) - v
4842-9570-4024v.1 0050033-006147

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## INTRODUCTION

Petitioners Forbes Media LLC ("Forbes") and its Associate Editor Thomas Brewster ("Brewster") seek access to sealed court records relating to two orders under the All Writs Act, 28 U.S.C. § 1651, that required Sabre, a travel technology firm, to assist the United States Government in effectuating an arrest warrant (hereinafter, the "AWA Orders"). Petitioners are informed and believe that the AWA Orders were issued by the district court in 2017 and 2019, respectively, and are docketed at GJ-17-432 and GJ-19-097. *See* Ex. 1 at 4. Petitioners respectfully request that the Court unseal the AWA Orders; the government's application for the AWA Orders and any supporting documents, including affidavits; and any other court records relating to the AWA Order, including, but not limited to, any motions to seal, the dockets in case numbers GJ-17-432 and GJ-19-097, and all docket entries (collectively, the "AWA Materials").

The government's use of the All Writs Act to obtain judicial orders requiring private technology firms in general—and Sabre in particular—to provide technical assistance to the government is a matter of intense public interest, as well as a subject of Petitioners' ongoing reporting. *See, e.g.*, Thomas Brewster, *The FBI Is Secretly Using a $2 Billion Travel Company as a Global Surveillance Tool*, Forbes (July 16, 2020), https://perma.cc/R96R-AXL9. Unsealing the AWA Materials will shed light on the scope of the government's authority to compel such assistance, provide valuable insight into Sabre's role in monitoring travelers on behalf of law enforcement, and inform the press and public about the extent of their privacy when travelling.

## FACTUAL BACKGROUND

**I.     The Government's Use of the All Writs Act to Obtain Technical Assistance From Private Technology Companies Is a Matter of Intense Public Interest.**

Originally adopted in connection with the Judiciary Act of 1789, *see* Judiciary Act of 1789, ch. 20, §§ 13–14, 1 Stat. 73, 80–82, the All Writs Act in its current form authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages principles of law," 28 U.S.C. § 1651. Though the All Writs Act may be used to issue orders for a range of procedural purposes, All Writs Act orders requiring private

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PETITION TO UNSEAL COURT RECORDS (Misc. Case. No. _____) - 1
4842-9570-4024v.1 0050033-006147

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

technology firms to provide the United States government with "technical assistance" are of particular public interest. *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 171 (1977). In perhaps the highest-profile example, the government in 2016 sought an order under the Act that would have required Apple to provide a means of bypassing security measures on an iPhone that belonged to one of the shooters in the San Bernardino terrorist attack. *See In the Matter of the Search of an Apple iPhone Seized During the Execution of a Search Warrant on a Black Lexus IS300, California License Plate 35KGD203*, No. ED 15-0451M, 2016 WL 618401, at *1 (C.D. Cal. Feb. 16, 2016). Before it was mooted, that litigation sparked a wide-ranging public debate on the wisdom and legality of such technical assistance orders. *See, e.g.*, *Amicus Briefs in Support of Apple*, Apple (Mar. 2, 2016), https://perma.cc/PL6K-S6WZ (collecting court filings and public statements opposing the requested order).

The underlying legal and public policy questions raised by the San Bernardino litigation remain unresolved. *See, e.g.*, Jack Nicas & Katie Benner, *F.B.I. Asks Apple to Help Unlock Two iPhones*, N.Y. Times (Jan. 7, 2020), https://perma.cc/HBM2-TRVZ (describing a new FBI push to require access to encrypted devices). As a result, the national conversation about the appropriate scope of such compelled assistance continues unabated. *Compare, e.g.*, Alan Z. Rozenshtein, *Surveillance Intermediaries*, 70 Stan L. Rev. 99, 176–177 (2018) (arguing that private firms' resistance to technical-assistance orders undermines self-government), *with* Note, *Cooperation or Resistance?: The Role of Tech Companies in Government Surveillance*, 131 Harv. L. Rev. 1722, 1724 (2018) (arguing that the picture is "more complicated" and that firms play an important role in checking the government).

**II.    The Government Has Used the All Writs Act to Obtain Orders Requiring Sabre to Provide Real-Time Intelligence About Travelers' Activities.**

As Petitioners have reported, circumventing encryption is not the only context in which the All Writs Act has been invoked to compel private companies to assist federal government surveillance efforts. *See* Brewster, *supra*. According to court records unsealed in the Southern District of California in February 2020, the government has used the Act to require Sabre, a

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PETITION TO UNSEAL COURT RECORDS (Misc. Case. No. _____) - 2
4842-9570-4024v.1 0050033-006147

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

leading travel technology company, to engage in "real-time" monitoring of travelers who are the subject of an active arrest warrant for the government. *See* Ex. 1 at 4. Sabre is one of the three largest players in its market, responsible for more than one-third of global air travel bookings. *See* Brewster, *supra*. As a result, it has a staggering volume and diversity of records, including "itineraries, fares, reservations, connecting flights and ticket costs," as well as "crew schedules and other logistical information." *Id.*

Pursuant to the All Writs Act, the government has sought orders requiring Sabre "to provide representatives of the FBI complete and contemporaneous 'real time' account activity information" on targeted travelers, what the government has described as a "hot watch." Ex. 1 at 2, 4. As Petitioners have reported, Marc Zwillinger—one of Apple's attorneys in the San Bernardino matter—described that request as "unusual and excessive" inasmuch as routine reliance on such orders would make Sabre a de facto "agent" of law enforcement. Brewster, *supra*. He expressed doubts, too, whether the application adequately established that the order was necessary and not unreasonably burdensome. *See id*; *New York Tel. Co.*, 434 U.S. at 171–75 (discussing limits on technical-assistance orders under the All Writs Act, including the extent of the burden to be imposed).

### III. The Sealed AWA Materials in this District Concern Similar AWA Orders to Sabre.

In support of its application in the Southern District of California, the government identified several other instances in which it had asked for—and obtained—orders under the All Writs Act that imposed similar surveillance obligations on Sabre. *See* Ex.1 at 4. Two of them, identified in the application as AWA order GJ19-097 and GJ17-432, were issued by this Court in 2019 and 2017 respectively. *Id.* The government's application adverted that those matters were still under seal at the time. *Id.* Petitioners are informed and believe that the maters are still under seal.[1]

---

[1] Petitioners also understand that this District has historically used the 'GJ' designation for surveillance orders other than warrants, regardless whether those orders are associated with a grand jury proceeding. *See* Petition to Unseal Electronic Surveillance Dockets, Applications, and Orders at 10, No. 2:17-mc-00145 (W.D. Wash. Nov. 15, 2017). While the District has since created a new designation for some of those non-warrant orders, All Writs Act orders are not identified among them. *See Signed Memorandum Regarding New Docketing Procedures in W.D.*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PETITION TO UNSEAL COURT RECORDS (Misc. Case. No. _____) - 3
4842-9570-4024v.1 0050033-006147

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**ARGUMENT**

**I.   The Public Has a Strong Interest in Access to the Sealed AWA Materials.**

Openness is "an indispensable attribute" of our judicial system. *Richmond Newspapers Inc. v. Virginia*, 448 U.S. 555, 569 (1980).  It guards against unfairness and inequity in the application of the law, as "the sure knowledge that *anyone*" may monitor the operation of the courts "gives assurance that established procedures are being followed and that deviations will become known." *Press-Enter. Co. v. Superior Court*, 464 U.S. 501, 508 (1984) ("*Press-Enterprise I*") (italics original).  Just as importantly, "public disclosure of judicial records often enhances the public's trust in the process." *United States v. Index Newspapers LLC*, 766 F.3d 1072, 1088 (9th Cir. 2014).  "People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Richmond Newspapers*, 448 U.S. at 572.  As a result, "[s]ecret proceedings are the exception rather than the rule in our courts." *Index Newspapers*, 766 F.3d at 1084.

The news media plays a vital role in facilitating public oversight of the judicial system. As the Supreme Court has recognized, "[a] responsible press has always been regarded as the handmaiden of effective judicial administration, especially in the criminal field." *Sheppard v. Maxwell*, 384 U.S. 333, 350 (1966).  Members of the media function as "surrogates for the public" by, for instance, attending proceedings, reviewing court filings, and reporting on the business of the judiciary. *Richmond Newspapers*, 448 U.S. at 573.  And it is well-settled, to that end, that the public and press have a right of access to court documents that arises from the public's interest in observing the consideration and disposition of matters by federal courts. *See Courthouse News Serv. v. Planet*, 750 F.3d 776, 786 (9th Cir. 2014) ("*Planet I*").

The public's right of access is especially powerful in matters, like this one, that concern actions taken by the executive.  As the Seventh Circuit has explained, "in such circumstances, the public's right to know what the executive is about coalesces with the right of the citizenry to

---

*Washington*, EFF (last visited Jan. 24, 2021), https://perma.cc/A7D2-P3PN.  As a result, as Petitioners understand it, it is not possible to know from the designation alone whether the AWA Materials are associated with grand jury proceedings or not.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PETITION TO UNSEAL COURT RECORDS (Misc. Case. No. _____) - 4
4842-9570-4024v.1 0050033-006147

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

appraise the judicial branch." *Smith v. U.S. District Court*, 956 F.2d 647, 650 (7th Cir. 1992) (quoting *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987)).  The principle that "courts must impede scrutiny of the exercise of [judicial] judgment only in the rarest of circumstances" has special force, then, where "a judicial decision accedes to the requests of a coordinate branch, lest ignorance of the basis for the decision cause the public to doubt" the judiciary's independence.  *United States v. Aref*, 533 F.3d 72, 83 (2d Cir. 2008).

Unsealing the AWA Materials at issue will ensure that actions of both the executive and judicial branches re open to public scrutiny, and will help inform the active public debate over the government's use of the All Writs Act to compel private technology companies to provide technical assistance.

The sealed AWA materials sought by Petitioners here are of particular public interest in light of the weighty constitutional and policy interests implicated by location tracking.  As the Supreme Court recently reaffirmed, "location records 'hold for many Americans the privacies of life.'"  *Carpenter v. United States*, 138 S. Ct. 2206, 2217 (2018) (quoting *Riley v. California*, 573 U.S. 373, 403 (2014)).  Their disclosure to the government can burden a broad range of First and Fourth Amendment values, including reporter-source confidentiality.  *See generally* Br. Amici Curiae of the Reporters Committee for Freedom of the Press and 19 Media Organizations in Support of Petitioner, *Carpenter*, 138 S. Ct. 2206.  And the Court has, in that vein, shown "special solicitude for location information" even when those location records are held by a third party, such as Sabre.  *Carpenter*, 138 S. Ct. at 2219.  For this reason too, the press and public have a keen interest in understanding the government's basis for seeking AWA Orders directing Sabre to provide it with contemporaneous—or "real-time"—travel information about a targeted individual or individuals, and the district court's basis for issuing those AWA orders.

## II.  The Public Has Common-Law and Constitutional Rights to Access the AWA Materials.

"The law recognizes two qualified rights of access to judicial proceedings and records, a common law right 'to inspect and copy public records and documents, including judicial records

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PETITION TO UNSEAL COURT RECORDS (Misc. Case. No. _____) - 5
4842-9570-4024v.1 0050033-006147

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

and documents,' and a 'First Amendment right of access to criminal proceedings' and documents therein." *United States v. Business of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1192 (9th Cir. 2011) (first quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), then quoting *Press-Enter. Co. v. Superior Court*, 478 U.S. 1, 8 (1986) ("*Press-Enterprise II*")).  Under either framework, the press and public have a presumptive right of access to the materials at issue here.

> **A.     The Public Has a Common-Law Right of Access to the AWA Materials.**

The press and public have a common-law right to access the AWA Materials, which are unquestionably "judicial records." *Custer Battlefield Museum*, 658 F.3d at 1193 (quoting *Nixon*, 435 U.S. at 597).  "[A] 'strong presumption in favor of access'" to such documents "is the starting point" of the common-law analysis. *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto. Insurance Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Only a "narrow range" of judicial records is not subject to the right of public access at all, and then only if such records have "'traditionally been kept secret for important policy reasons.'" *Kamakana*, 447 F.3d at 1178 (quoting *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)).  And the Ninth Circuit has stressed that the mere fact that documents "may roughly fall into the category of law enforcement materials" is not enough to justify concluding that the common-law right of access does not attach, even if given "documents are usually or often deemed confidential" after weighing the relevant interests. *Id.* at 1185; *see also infra* Part III (discussing the compelling showing the government must make to overcome the presumptive right of access with respect to any specific court record).

All of the AWA Materials at issue here are judicial records to which the common-law presumption of public access applies.  Indeed, the AWA Materials are in, as one court put it, the "top drawer of judicial records[,]" which consists of "documents authored or generated by the court in discharging its public duties, including opinions, orders, judgment, [and] docket sheets"—a drawer that is "hardly ever closed to the public." *In re Sealing and Non-Disclosure of Pen/Trap/2703(d) Orders*, 562 F. Supp. 2d 876, 891 (S.D. Tex. 2008).  So too here.  Certainly

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PETITION TO UNSEAL COURT RECORDS (Misc. Case. No. _____) - 6
4842-9570-4024v.1 0050033-006147

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

"[t]here is no doubt that the court orders themselves are judicial records," since "[c]ourt decisions are the 'quintessential business of the public's institutions.'" *In re Leopold to Unseal Certain Electronic Surveillance Applications and Orders*, 964 F.3d 1121, 1128 (D.C. Cir. 2020) (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)). So, too, are the court's docket sheets reflecting those orders. *See, e.g.*, *id.* at 1129.

The same is true of the government's applications requesting such orders, and any supporting documents. An application for a judicial order to a third party under the All Writs Act is analytically no different from any other motion, petition, or application seeking court-ordered relief. The Act is routinely invoked in open court, in that vein, to request a range of common-law writs and several varieties of equitable relief that determine the obligations of third parties. *See* Samuel I. Ferenc, Note, *Clear Rights and Worthy Claimants: Judicial Intervention in Administrative Action Under the All Writs Act*, 118 Colum. L. Rev. 127, 139–141 (2018) (collecting contexts). Such materials, "filed with the objective of obtaining judicial action or relief," are quintessentially judicial records. *United States v. Appelbaum*, 707 F.3d 283, 295 (4th Cir. 2013); *see also Kamakana*, 447 F.3d at 1179 (emphasizing the strength of the public's interest in motions that, like a motion for summary judgment, ask the court to "adjudicate[] substantive rights" (quoting *Foltz*, 331 F.3d at 1135)).

**B.    The Public Has a Constitutional Right of Access to the AWA Materials.**

In addition to a presumptive common-law right to inspect the AWA Materials, the public also has a constitutional right of access to those judicial records. In determining whether the First Amendment affords a right of access to a document at any particular stage in a judicial process, courts look to the complimentary considerations of "experience and logic" — that is, "whether the place and process have historically been open to the press and general public" and "whether public access plays a significant positive role in the functioning of the particular process in question." *Press-Enterprise II*, 478 U.S. at 8, 9. As the Ninth Circuit has explained, "[w]here access has traditionally been granted to the public without serious adverse consequences, logic necessarily follows." *In re Copley Press, Inc.*, 518 F.3d 1022, 1026 n.2 (9th

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PETITION TO UNSEAL COURT RECORDS (Misc. Case. No. _____) - 7
4842-9570-4024v.1 0050033-006147

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Cir. 2008). But "even without an 'unbroken history of public access,' the First Amendment right exists if 'public scrutiny' would 'benefit' the proceedings." *Id.* (quoting *Seattle Times Co. v. U.S. Dist. Court*, 845 F.2d 1513, 1516–17 (9th Cir. 1988)). Applying those principles here, the First Amendment right attaches to the AWA Materials.

### 1. The Public Has a Constitutional Right of Access to the AWA Order.

As to the AWA Order itself, "it should go without saying that the judge's opinions and orders belong in the public domain." *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000); *see also United States v. Ressam*, 221 F. Supp. 2d 1252, 1262 (W.D. Wash. 2002) (emphasizing the "venerable tradition of public access to court orders"). As the D.C. Circuit recently observed, "since at least the time of Edward III, judicial decisions have been held open for public inspection." *In re Leopold*, 964 F.3d at 1128 (citing 3 Edward Coke, Reports, at iii-v (London, E. & R. Nutt & R. Gosling 1738) (1602)). Logic informs that history, since "[w]ithout access to judicial opinions, public oversight of the courts, including the processes and the outcomes they produce, would be impossible." *Doe Co. v. Pub. Citizen*, 749 F.3d 246, 267 (4th Cir. 2014).

Applying this principle, the Ninth Circuit has found a First Amendment right of access to a variety of miscellaneous orders, *see Index Newspapers*, 766 F.3d at 1093 (contempt order); *In re Copley Press*, 518 F.3d at 1026 (order granting motion to seal), as have other district courts within the Ninth Circuit, *see, e.g.*, *Ressam*, 221 F. Supp. 2d at 1262 (protective order). And, particularly in the context of warrants and other judicial records related to criminal investigations, access to court orders plays the critical role of assuring the public "that judges are not merely serving as a rubber stamp for the police." *Custer Battlefield Museum*, 658 F.3d at 1194 (quoting *In re N.Y. Times Co.*, 585 F. Supp. 2d 83, 88 (D.D.C. 2008)). So too here. While the Ninth Circuit has yet to squarely resolve how the "experience and logic framework" applies to All Writs Act orders, there is no reason to exempt such orders from the usual presumption of "public access to court orders." *Ressam*, 221 F. Supp. 2d at 1262.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PETITION TO UNSEAL COURT RECORDS (Misc. Case. No. _____) - 8
4842-9570-4024v.1 0050033-006147

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### 2. The Public Has a Constitutional Right of Access to the Application and Supporting Materials.

The public also has a First Amendment right of access to the application and any supporting materials. The Ninth Circuit has not resolved how the "experience and logic" framework applies to applications under the All Writs Act, but as discussed *supra* Part II.A, such applications play the same role in the adjudicatory process that other presumptively accessible motions for court-ordered relief do. Many forms of relief authorized by the Act have traditionally been sought in open court; the propriety of any particular writ of mandamus, for instance, is plainly the kind of question that has long been litigated in public. *See Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 137 (1803). Logic points in the same direction: "The public has an interest in learning . . . the evidence and records" that underpinned a court order determining the legal obligations of a third party, or else the public cannot judge for itself whether the court's order has a valid basis. *Pub. Citizen*, 749 F.3d at 267. The government has already implicitly recognized as much in the All Writs Act context. The Justice Department favored litigating the validity of its technical assistance request to Apple in public view on the theory that the public, if fully apprised of the government's reasons for seeking such an order, would be more likely to believe that the government was justified in applying for such novel relief. *Cf.* Justin Wm. Moyer, *FBI Director Makes Personal, Passionate Plea on Apple-San Bernardino Controversy*, Wash. Post (Feb. 22, 2016), https://perma.cc/J29X-S8X3.

### 3. The Public Has a Constitutional Right of Access to the Docket Sheet in Case Nos. GJ-17-432 and GJ-19-097.

Finally, the public and press have a First Amendment right of access to the docket sheets reflecting the AWA Materials filed with the Court. There is a "centuries-long history of public access to dockets." *United States v. Mendoza*, 698 F.3d 1303, 1304 (10th Cir. 2012). And a number of federal appellate courts have recognized a First Amendment right of access to docket sheets, *see Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004); *Pub. Citizen*, 749 F.3d at 268, including in the context of investigative materials, *see In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 575 (8th Cir. 1988).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PETITION TO UNSEAL COURT RECORDS (Misc. Case. No. _____) - 9
4842-9570-4024v.1 0050033-006147

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

To hold otherwise would make nonsense of the right of access, since without a docket that gives notice of the existence of an application or order, the public would have no opportunity to oppose "closure of a document or proceeding that is itself a secret." *Pub. Citizen*, 749 F.3d at 268. Petitioners' ability to assert their rights in this very case, for instance, is grounded in the fortuity that the existence of the AWA Order was referenced in an entirely different public document. The same dynamic unfolded in the case of an All Writs Act application and order unsealed in the District of Massachusetts in 2016: The ACLU was able to assert its right of access only because the order's existence was referenced in a public search warrant affidavit. *See* Janus Rose, *Apple's Next Encryption Battle is Likely Playing Out in Secret in a Boston Court*, Vice (Mar. 31, 2016), https://perma.cc/X7UA-D9YV. The government in that case promptly conceded that there was no continued need to seal the application and order. *See* Motion to Unseal, *In re One Gray and Black Colored Apple iPhone*, No. 1:16-mj-02007 (D. Mass. Apr. 8, 2016). If not for that affidavit's stray reference to the existence of the matter, then, a docket that could no longer constitutionally remain sealed would nevertheless have remained so indefinitely.

At heart, as the D.C. Circuit explained in articulating the common-law right of access to certain electronic surveillance orders, "[i]t would make little sense to provide public access to court documents but not to the indices that record them and thus make them accessible." *In re Leopold*, 964 F.3d at 1129. The right of access is a dead letter absent "a meaningful ability for the public to find and access those documents" to which the right attaches. *Index Newspapers*, 766 F.3d at 1086. Experience and logic therefore dictate that the press and public have a right of access to the docket sheets in GJ-17-432 and GJ-19-097.

### III.   The Public's Rights of Access Can Be Overcome Only on a Compelling Showing That the Government Cannot Make in This Case.

The rights of access at issue here are weighty. Where the First Amendment right attaches, records can be sealed only if "specific, on the record findings are made demonstrating that 'closure is essential to preserve higher values and is narrowly tailored to serve that interest.'"

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PETITION TO UNSEAL COURT RECORDS (Misc. Case. No. _____) - 10
4842-9570-4024v.1 0050033-006147

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Press-Enterprise II*, 478 U.S. at 13–14 (quoting *Press-Enterprise I*, 464 U.S. at 510). Where the common-law right applies, "a 'strong presumption in favor of access is the starting point,'" and "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by . . . 'articulat[ing] compelling reasons' . . . that outweigh the general history of access and the public policies favoring disclosure." *Custer Battlefield Museum*, 658 F.3d at 1194–95 (quoting *Kamakana*, 447 F.3d at 1178–79) (alteration in original). No such showing can be made here.

This is not, for instance, a case in which the government can claim an interest in preserving "the secrecy of law enforcement techniques." *In re Motion to Compel Facebook to Provide Technical Assistance*, 357 F. Supp. 3d 1041, 1044 (E.D. Cal. 2019). The fact that Sabre engages in "hot-watch" monitoring of travelers on behalf of the government is already public. *See* Brewster, *supra*. Moreover, the existence of the particular AWA Order at issue—which dates back to 2016—also is already public. *Id.* And, to the extent the AWA Materials contain information that the government nevertheless can demonstrate it has a compelling or countervailing interest in maintaining under seal, the Court "can accommodate those concerns by redacting sensitive information rather than refusing to unseal the materials entirely." *Custer Battlefield Museum*, 658 F.3d at 1195 n.5.

Those conclusions are fortified by the likelihood that the underlying arrest warrants, which are now more than a year old, have already been executed. As the Ninth Circuit has explained in elaborating the common-law right of access, "[p]ost-investigation . . . warrant materials 'have historically been available to the public.'" *Custer Battlefield Museum*, 658 F.3d at 1193 (quoting *In re N.Y. Times Co.*, 585 F. Supp. 2d at 88). At that stage of a proceeding, the government's secrecy interests are sharply attenuated—the search or arrest has been accomplished—and the balance shifts decisively in favor of the public's interest in "keepi[ng] a watchful eye on the workings of public agencies." *Id.* at 1194 (internal quotation omitted)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PETITION TO UNSEAL COURT RECORDS (Misc. Case. No. _____) - 11
4842-9570-4024v.1 0050033-006147

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

(alteration in original).² The same considerations are instructive in weighing the government's interest—to the extent it can, in fact, demonstrate one—in maintaining the AWA Materials at issue here under seal. *Cf. In re One Gray and Black Colored Apple iPhone*, No. 1:16-mj-02007 (D. Mass. Apr. 8, 2016) (minute order) (granting the government's motion to unseal All Writs Act materials where corresponding search warrant had already been executed).

## CONCLUSION

For the foregoing reasons, Applicants respectfully request that the Court enter an order unsealing the AWA Materials.

DATED this 25th day of January, 2021.

                Davis Wright Tremaine LLP

                By s/Ambika Kumar Doran
                     Ambika Kumar Doran, WSBA # 38237
                     920 Fifth Avenue, Suite 3300
                     Seattle, WA  98104-1610
                     Telephone: (206) 757-8030
                     Fax: (206) 757-7030
                     E-mail: ambikadoran@dwt.com

                REPORTERS COMMITTEE FOR
                FREEDOM OF THE PRESS
                     Katie Townsend
                     *Pro hac vice application forthcoming*
                     1156 15th Street NW, Suite 1020
                     Washington, D.C. 20005
                     Telephone: (202) 795-9300
                     Fax: (202) 795-9310
                     E-mail: ktownsend@rcfp.org

                *Attorneys for Petitioners Forbes Media LLC and Thomas Brewster*

---

² Regardless of the investigation's status, the public has a right of access to related sealing motions and orders, *see In re Copley Press*, 518 F.3d at 1026, if not attachments to those motions, *see United States v. Doe*, 870 F.3d 991, 997 (9th Cir. 2017) (citing *In re Copley Press*, 518 F.3d at 1026–28). "Logic . . . dictates that the record of these types of proceedings should be open to the public," at least in part, "because the very issue at hand is whether the public should be excluded or included in various types of judicial proceedings." *Index Newspapers*, 766 F.3d at 1096.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PETITION TO UNSEAL COURT RECORDS (Misc. Case. No. _____) - 12
4842-9570-4024v.1 0050033-006147

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2021 I caused to be served the foregoing document by Certified Mail on the United States Attorney for the Western District of Washington at:

United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271

DATED this 25th day of January, 2021.

                                             Davis Wright Tremaine LLP

                                             By s/Ambika Kumar Doran
                                                  Ambika Kumar Doran, WSBA # 38237
                                                  920 Fifth Avenue, Suite 3300
                                                  Seattle, WA  98104-1610
                                                  Telephone: (206) 757-8030
                                                  Fax: (206) 757-7030
                                                  E-mail: ambikadoran@dwt.com

*Attorney for Applicants Forbes Media LLC and Thomas Brewster*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PETITIONS TO UNSEAL COURT RECORDS (Misc. Case. No. _____) - 13
4842-9570-4024v.1 0050033-006147

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax