# EXHIBIT A

The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE APPLICATION FOR FORBES MEDIA LLC AND THOMAS BREWSTER TO UNSEAL COURT RECORDS | CASE NO. 21-mc-0007RSM<br><br>DECLARATION |

I, Jared S. Brown, hereby declare as follows, pursuant to 28 U.S.C. § 1746:

1. This declaration is submitted in support of the United States' opposition to the petition by Forbes Media LLC and Thomas Brewster (collectively, "petitioners") to unseal certain records. I am a Special Agent (SA) assigned to the Seattle Field Office, Federal Bureau of Investigation (FBI), United States Department of Justice (DOJ), and have been since August 2005. During my time in the FBI, I have investigated an array of criminal investigations including economic espionage and cyber-based intrusion cases. I have been assigned to the FBI Seattle Cyber Task Force since 2014 where I have investigated cyber-based intrusions.

2. The FBI's Cyber Division, established in 2002, is dedicated to applying the highest level of technical capability and investigative expertise towards combating cyber-based intrusions targeting U.S. national security, critical infrastructure, and the economy,

DECLARATION OF SPECIAL AGENT BROWN
21-mc-00007RSM - Page 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

including terrorist acts and hostile foreign intelligence operations conducted over the Internet and cyber-crime. While assigned to investigate computer related crimes in the Seattle Field Office of the FBI, I have received training from both the FBI and commercial entities in how to conduct investigations into cyber-based intrusions.

3. The matters stated herein are based on my personal knowledge, my training and experience, my review and consideration of documents and information available to me in my official capacity, and information furnished to me by Special Agents and other employees of the FBI. This declaration is intended to show merely that there is support for the continued sealing of the records at issue and does not set forth all of my knowledge about this matter. I have reached my conclusions in accordance therewith.

## The Request for Unsealing Certain Records

4. By Motion dated January 25, 2021, petitioners asked this Court to unseal "court records relating to two orders under the All Writs Act, 28 U.S.C. § 1652," docketed at GJ-17-432 (WDWA) and GJ-19-097 (WDWA). Pet. 1. On the same day, petitioners filed similar petitions seeking the unsealing of records in two other district courts. In support of the petition, petitioners claim that the public and the press, including petitioners, have "a strong interest" in the unsealing of these court records. Pet. 2; *see also*, Pet. Mem. 4-5.

5. The petition states that petitioners learned about the AWA materials that they seek because they were identified in court records from a different matter that was unsealed in the Southern District of California in February 2020. Pet. 4. Based on my review of the docket and in consultation with Department of Justice personnel, I understand the United States sought the sealing of those Southern District of California court records when they were filed and has never taken the position that they could be made public.

6. I have reviewed the need for continued protection of the AWA materials at issue here and the FBI investigation(s) that the materials concern. For the reasons discussed

DECLARATION OF SPECIAL AGENT BROWN
21-mc-00007RSM - Page 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

herein, I have concluded that there is good reason to believe that unsealing the AWA materials would interfere with ongoing criminal investigation(s) and disclose sensitive law enforcement techniques.

7. Below, I provide for the Court's consideration information about the underlying investigation(s) that the AWA materials concern and some specific facts upon which I have based my conclusion that there is good reason to believe that unsealing the AWA materials can reasonably be expected to interfere with criminal investigation(s) and compromise law enforcement sources and methods. *Id.* It is important to note that, because criminal investigations present evolving challenges, it would be impossible to identify for the Court each harm that could arise from the unsealing of the AWA materials.

## The Underlying Investigation and the AWA orders

8. The FBI has been investigating the individuals who are the subject of the AWA materials at issue here for some time. The investigation or investigations show that the individuals use sophisticated means to evade detection and arrest.

9. Among other things, the AWA materials name individuals against whom the United States has obtained sealed indictments and arrest warrants but has not been able to arrest. After obtaining the arrest warrants, the United States submitted *ex parte* applications for orders under the All Writs Act, 28 U.S.C. § 1651, to require Sabre, Inc., a travel-commerce platform, to provide certain specified information from its records to assist in the execution of the warrants. Each application sought the sealing of the application and any resulting order.

10. The court issued the orders and sealed the applications and the orders.

11. Unsealing the AWA materials could negatively impact the investigations that these AWA materials arise out of by disclosing information about them and alerting the individuals named in them that the United States is seeking to arrest them.

DECLARATION OF SPECIAL AGENT BROWN
21-mc-00007RSM - Page 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

12. The individuals named in the AWA materials are not U.S. citizens, and they reside in countries that would not honor a United States extradition request.

### The Need for Continued Sealing of AWA Materials

13. Disclosure of the AWA materials at issue here would reveal information about the underlying FBI investigations that led to the indictments and arrest warrants. Disclosure would adversely affect the underlying criminal cases by making it less likely that the indicted individuals will be apprehended and more likely that the individuals will destroy evidence. Disclosure of the orders would also increase the risk to federal agents who attempt to arrest the individuals by alerting them in advance that they are being sought by U.S. law enforcement.

14. The AWA materials themselves contain personally identifiable information (PII) including names, dates of birth, passport numbers, credit card numbers, and communication account identifiers that will signify the FBI's knowledge of the actors' identity.

15. The AWA materials, while not classified, are law enforcement sensitive. Disclosing the AWA materials would likely cause the fugitives named in the AWA materials at issue here to change their patterns and tactics. More generally, some international fugitives have a high awareness of media coverage surrounding their types of activities, arrests, and criminal infrastructure takedowns. Public release of the AWA materials would generate interest in the criminal ecosystem, regardless of the particular individuals or groups involved. This would, in turn, make it easier for sophisticated criminals to use countermeasures and other tactics to avoid detection and arrest. Such actions would be reasonably likely to interfere with the FBI's law enforcement efforts in the cyber-crime and national-security realms by disclosing non-public details on how the FBI and the United States work to apprehend fugitives and by depriving the United States of insight into, and the

DECLARATION OF SPECIAL AGENT BROWN
21-mc-00007RSM - Page 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

ability to restrain, criminal activity. Thus, disclosure by unsealing would help sophisticated adversaries avoid capture.

16.   For the reasons set forth above, I have determined that there is good reason to believe that unsealing the AWA materials may interfere with ongoing criminal investigations and may harm criminal investigations more generally or endanger the lives or physical safety of U.S. law enforcement agents.

17.   I declare under penalty of perjury that the foregoing is true and correct.

Dated: March  1 , 2021

*Jared S. Brown*
JARED S. BROWN
Special Agent
Federal Bureau of Investigation
Seattle, Washington

DECLARATION OF SPECIAL AGENT BROWN
21-mc-00007RSM - Page 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970