The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE:

APPLICATION OF FORBES MEDIA LLC AND THOMAS BREWSTER TO UNSEAL COURT RECORDS

Misc. Case No. 2:21-mc-0007

Related to Case Nos. GJ-17-432 and GJ-19-097

REPLY IN SUPPORT OF APPLICATION TO UNSEAL COURT RECORDS

Forbes Media LLC and Thomas Brewster ("Petitioners") hereby submit this reply in support of their application to unseal court records ("Application").

First, the common law presumption of access to judicial records applies to the dockets, court orders, and other material under seal in Case Nos. GJ-17-432 and GJ-19-097. There is simply no support for the Government's suggestion that documents filed in All Writs Act ("AWA") proceedings, including a court's own orders imposing a legal duty on a third-party at the Government's request, are not judicial records presumptively open to public inspection under the common law. *See In re Granick*, No. 16-mc-80206, 2018WL 7569335, at *11 (N.D. Cal. Dec. 18, 2018), *aff'd*, 388 F. Supp. 3d 1107 (N.D. Cal. 2019) ("As an initial matter, the Court agrees there is a presumptive common law right of access to [AWA] materials.") (emphasis

REPLY IN SUPPORT OF APPLICATION
TO UNSEAL COURT RECORDS (Misc. Case No. 2:21-mc-0007)
4842-9570-4024v.1 0050033-006147

1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

omitted).[1]  As a result, the Government must "articulate[] compelling reasons" to justify their continued sealing, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006),[2] and must, in particular, explain why any compelling concerns cannot be "accommodate[d] . . . by redacting sensitive information rather than" sealing "the materials entirely," *United States v. Business of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1195 n.5 (9th Cir. 2011).  But the Government dedicates only a footnote to the possibility of redaction, and its bald claim that not a single portion of a single judicial record at issue here can be disclosed without undermining its interests is unserious.  Government's Response in Opposition (ECF. No. 9) ("Gov't's Resp.") at 20 n.6.

Petitioners cannot know precisely what the sealed AWA records at issue contain, but the chief interest in their continued sealing proffered by the Government is an interest in preventing certain individuals "against whom the United States has obtained sealed indictments and arrest warrants but has not been able to arrest" from continuing to "evade detection and arrest[.]" *Id.*, Ex. 1 at 3.  That is an interest that plainly can be addressed, if necessary, through the redaction of identifying information—not wholesale sealing.  Indeed, if the prior AWA application and order directed at Sabre that is now public through Petitioners' reporting is any indication, *see* Thomas Brewster, *The FBI Is Secretly Using a $2 Billion Travel Company as a Global Surveillance Tool*,

---

[1]   The ultimate conclusion of the district court in *In re Granick*—that the common law presumption of access applicable to AWA materials was overcome in that case by the "administrative burden" of the petitioners' request for the unsealing of every such document filed in that District over a thirteen-year period—is inapplicable here, where Petitioners have moved for the unsealing of two identified matters.  388 F. Supp. 3d at 1129.

[2]   Though the Government vaguely suggests that sealing is entirely discretionary under the common law, *see* Gov't's Resp. at 19–20, it does not appear to contest—nor could it—that if the common law right applies here, as it does, this Court must apply the "compelling reasons" standard in judging whether the right has been overcome with respect to particular records or portions of records.  As the Ninth Circuit has squarely stated, "[u]nless a particular court record is one traditionally kept secret, a strong presumption of access is the starting point.  A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard."  *Id.* (internal quotations omitted); *see also, e.g.*, *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1100–01 (9th Cir. 2016) (reiterating that the compelling-reasons standard applies to sealing of any motions "more than tangentially related to the merits of a case," including those for equitable relief).

REPLY IN SUPPORT OF APPLICATION                    2
TO UNSEAL COURT RECORDS (Misc. Case No. 2:21-mc-0007)
4842-9570-4024v.1 0050033-006147

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Forbes (July 16, 2020), https://perma.cc/R96R-AXL9, little would need to be redacted to address that concern. There can be no dispute that the fact that the sealed AWA orders at issue required Sabre to provide the Government with travel records about individuals subject to arrest warrants in order to aid in their apprehension can be disclosed; that information is already public. *See* Gov't's Resp. at 3–5. And Petitioners and the public have a strong interest in knowing and evaluating, *inter alia*, the legal grounds asserted by the Government to obtain those orders.

Second, though this Court need not reach application of the First Amendment right of access, it too applies, and imposes an even more rigorous standard on the Government to justify continued sealing. The Government maintains that every document filed in an All Writs Act proceeding should be treated like the warrants such proceedings can help effectuate. Yet that argument cannot be squared with the Government's own characterization of Circuit law, which applies the constitutional right of access to "*each* category of documents sought." *United States v. Index Newspapers LLC*, 776 F.3d 1072, 1084 (9th Cir. 2014) (emphasis added) (citing *Press-Enter. Co. v. Superior Court*, 478 U.S. 1 (1986)). The Government makes no effort to distinguish the different kinds of records at issue, as if it could have an equal interest in concealing a fugitive's name and a court's legal reasoning about the scope of a statute. *Contra, e.g., United States v. Ressam*, 221 F. Supp. 2d 1252, 1262 (W.D. Wash. 2002) (applying the "venerable tradition of public access to court orders" to protective orders issued in connection with Classified Information Procedures Act proceedings). To be sure, the subject matter of a proceeding will bear on whether the right has been overcome in a particular case, *see id.* at 1263–64, but the fact that an AWA order is related to a warrant does not make it a warrant.

The Government's only support for its approach is *In re Granick*, but that decision provides no guidance on this point. The petitioners in that case had argued that their right to access AWA materials was derivative of their right to access other materials, including warrant

REPLY IN SUPPORT OF APPLICATION
TO UNSEAL COURT RECORDS (Misc. Case No. 2:21-mc-0007)
4842-9570-4024v.1 0050033-006147

3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

materials, they sought access to. They therefore forfeited any argument that AWA materials should be viewed differently. *In re Granick*, 388 F. Supp. 3d at 1129. But as Petitioners explain in their initial memorandum of law and in more detail below, technical-assistance proceedings are equivalent (in substance and form) to proceedings seeking other forms of court-ordered relief available under the All Writs Act. They are not warrant proceedings. And the Government's argument is akin to contending that all records in a hearing on a mandamus petition should be sealed in full if some fraction of an underlying administrative record is. That is not the law.

Finally, to be clear, despite the Government's insistence that this unsealing matter should be litigated in secret, every piece of information in the Application—including the Exhibit—is public. The order attached as an Exhibit was, as the Government acknowledges, placed on the public docket in the Southern District of California in mid-February 2020, where it remained until at least March 10, 2020. Brewster Decl., ¶ 2. In July 2020, Petitioners published reporting about that order, including a DocumentCloud link to a copy of it. *See* Brewster, *supra*; All Writs Act Order on Sabre to Give Real Time Updates on Travel of Suspect, DocumentCloud, https://perma.cc/A8EJ-HEZY (last visited Feb. 17, 2021).[3] That the Government has asked this Court to seal the Application because it contains information that was placed on a court's public docket a year ago, and that remains publicly available on a news organization's website, suggests that the Government gravely misunderstands the standards governing the public's right of access.

It is the Government's burden to demonstrate that the public's common law and constitutional rights of access are overcome with respect to each category of records at issue, and that nothing short of wholesale sealing of the entirety of Case Nos. GJ-17-432 and GJ-19-097 is

---

[3] As to the Government's objection that the Exhibit contains personally identifying information, Petitioners filed the order as it appeared on the public docket in the Southern District of California. If the Court would prefer that Petitioners redact from the Exhibit the two pieces of information identified by the Government, Petitioners will file a motion to substitute a revised Exhibit. To be clear, however, there is no basis to seal the Exhibit in its entirety.

REPLY IN SUPPORT OF APPLICATION  4
TO UNSEAL COURT RECORDS (Misc. Case No. 2:21-mc-0007)
4842-9570-4024v.1 0050033-006147

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

sufficient to address whatever countervailing interests the Government proffers in favor of secrecy.  For the reasons herein, Petitioners respectfully ask that the Court grant the Application.

**I.   The common law right of access applies and is not overcome.**

In an effort to evade the "strong presumption in favor of access" that is the "starting point" of the common law analysis, *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)), the Government argues, first, that All Writs Act materials should be treated like grand jury materials and added to the very limited roster of documents to which the common law right has been found not to attach.  *See* Gov't's Resp. at 18–19.  But as the Ninth Circuit has made clear, to the extent such a list exists, it is short, exceptional, and effectively closed.[4]  Because the consequences of expanding it are "drastic" when compared to the usual approach of asking whether "compelling reasons" for sealing exist, *Kamakana*, 447 F.3d at 1185, the list includes only three entries—and the Ninth Circuit has not added one in nearly a decade, *see Dousa v. U.S. Dep't of Homeland Security*, No. 19-cv-1255, 2020 WL 4784763 at *2 (S.D. Cal. Aug. 18, 2020).  Little surprise, then, that the Government offers no support for its assertion that each kind of record at issue here should be lumped into that "exclusive club," *id.*, and fails to acknowledge that the only court to address the question reached the opposite conclusion, *In re Granick*, 2018WL 7569335, at *11.

The Southern District of California's recent decision in *Dousa* is instructive.  In that case, Customs and Border Protection (CBP) sought to seal information that had been publicly docketed for several months on the grounds that failing to remove it would "reveal techniques

---

[4]   The Ninth Circuit retreated from the "traditionally kept secret" approach urged by the Government in *Custer Battlefield Museum*, explaining that the pre-indictment, warrant-specific secrecy interests it identified in *Times Mirror Co v. United States*, 873 F.2d 1210, 1215–16 (9th Cir. 1989), can be accommodated when evaluating whether the common law right has been overcome "in a particular case." 658 F.3d at 1194.  For that reason, other circuits have declined to follow *Times Mirror*'s approach to determining whether the common law right attaches in the first instance.  *See United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017).

REPLY IN SUPPORT OF APPLICATION                     5
TO UNSEAL COURT RECORDS (Misc. Case No. 2:21-mc-0007)
4842-9570-4024v.1 0050033-006147

and methods [of information collection], including intelligence collection goals and priorities and the particular geographic and operational areas of focus." 2020 WL 4784763 at *2 (alterations in original) (internal quotation omitted).  But as the district court explained, the Ninth Circuit has already held that merely demonstrating that information is "law enforcement sensitive" does not suffice to show that it is the kind of information "traditionally kept secret" for purposes of the common law right.  *Id.* (quoting *Kamakana*, 447 F.3d at 1184–85).  The court therefore considered whether CBP had shown a "compelling reason" for sealing, concluding no such showing was possible where "[t]he unredacted information was publicly accessible for five months before CBP's motion [to seal it], and in that time at least one news organization drew the public's attention to the documents." *Id.* at 3.  Moreover, as the court emphasized, the public had a legitimate interest in understanding CBPs intelligence sources and methods because the subject matter of the proceeding concerned whether those tools had been lawfully used.  *See id.* at *3.

So too here.  That Case Nos. GJ-17-432 and GJ-19-097 are sealed matters pertaining to AWA orders obtained by the Government in 2017 and 2019[5] that required Sabre to assist in effectuating arrest warrants are facts that have been public since last February.  *See* App., Ex. 1 at 4.  The Government's opposition to unsealing any judicial records in those matters appears to rest on its representation that indicted individuals named in them have not been apprehended, Gov't's Resp. at 13–14—an interest that, if it overcomes the public's right of access, would warrant redaction of their identifying information, not wholesale sealing.  *See Kamakana*, 447 F.3d at 1184 (generic references to an ongoing investigation insufficient "without any further elaboration or any specific linkage with the documents").  Indeed, as the application the

---

[5] The reference to 2016 at the end of Petitioners' memorandum of points and authorities, *see* Gov't's Resp. at 3, was a typo; the Application and memorandum both stated that the orders were issued in 2017 and 2019.  *See* App. at 4; Memorandum of Points and Authorities in Support of Petition to Unseal Court Records (ECF No. 1-2) at 3.

REPLY IN SUPPORT OF APPLICATION   6
TO UNSEAL COURT RECORDS (Misc. Case No. 2:21-mc-0007)
4842-9570-4024v.1 0050033-006147

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Government filed in the Southern District of California makes clear, information specific to a given investigation may take up only a small fraction of any particular AWA application or order. Substantial portions consist instead of characterizations of the law and discussion of precedent for the kind of assistance requested by the Government—information in which the public has a keen interest, but which could not tip off any particular investigative target.

As to the Government's suggestion that *nothing* can be made public about any AWA matter without fatally undermining the efficacy of law enforcement techniques, courts are more than capable of balancing the interest in ensuring that a warrant is successfully executed and the public's right to scrutinize the judicially authorized techniques the Government employs to do so. Indeed, public dockets are replete with opinions doing just that. An instructive example is *In re Order Requiring Apple, Inc. to Assist in the Execution of a Search Warrant* ("*In re Apple*"), No. 1:15-mc-01902, 2015 WL 5920207 (E.D.N.Y. Oct. 9, 2015). There, the Government requested an AWA order that would have required Apple to break the encryption on one of its devices. *See* Motion to Compel at 1–3, *In re Apple*, No. 1:15-mc-01902 (E.D.N.Y. Oct. 8, 2015) (ECF No. 1).[6] As the court in that matter quickly realized, the Government's submission was far too cursory to demonstrate the Government's entitlement to the relief it requested. *See In re Apple*, 2015 WL 5920207, at *7. The court ordered further briefing and, in the interim, "direct[ed] the Clerk to file on the public docket" a copy of its order that "ruled on the government's application without referring to any *specific* information that would compromise a

---

[6] That application similarly consisted of a short facts section specific to the investigation, a recitation of the framework set out in *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977), and a representation that other courts have granted similar relief. *See* Motion to Compel at 1–3, *In re Apple*, No. 1:15-mc-01902. Because companies often lack an incentive to contest such orders, this threadbare approach can allow the Government to accumulate secret precedent for its preferred techniques without previewing to the court that they raise novel legal questions. *See* Stephen Wm. Smith, *Gagged, Sealed & Delivered: Reforming ECPA's Secret Docket*, 6 HARV. L. & POL'Y REV. 313, 327–31 (2012) (describing this dynamic in the author's experience as a federal magistrate judge).

REPLY IN SUPPORT OF APPLICATION
TO UNSEAL COURT RECORDS (Misc. Case No. 2:21-mc-0007)
4842-9570-4024v.1 0050033-006147

7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

continuing investigation," allowing the public to understand the issues at stake. Memorandum and Order, *In re Apple*, No. 1:15-mc-01902 (Oct. 9, 2015) (ECF No. 3) (emphasis added).

That the warrants at issue have not yet been executed does not defeat the requirement to accommodate that public interest. *By definition*, an application for assistance in executing a warrant is made—and acted upon by a court—before the warrant is executed. Under the Government's theory, then, the public would never learn of novel or controversial assertions of authority under the All Writs Act until it is too late to meaningfully engage with the issues raised. Members of the public would not have been entitled, on that view, to learn contemporaneously about the assistance the FBI requested from Apple in San Bernardino, to form their own views, and to take part in the conversation that ultimately led the Government to withdraw that request. *Contra, e.g.*, James Comey, *Encryption, Public Safety, and 'Going Dark'*, Lawfare (July 6, 2015), https://perma.cc/HH6M-YLAY (emphasizing the then-FBI Director's view that "[d]emocracies resolve such tensions through robust debate"). Because the approach the Government proposes here would make little sense, courts do not, in fact, adhere to it; courts instead require redaction of sensitive investigative facts from what is necessary to allow the public to understand the legal issues raised, even where a warrant is still sealed. *See, e.g.*, *United States v. Burns*, No. 1:18-cr-492-1, 2019 WL 2079832, at *1 & n.1 (M.D.N.C. May 10, 2019)

Finally, the Government's own submissions make clear that its claimed need for total secrecy in AWA proceedings sweeps too broadly. *Compare Kamakana*, 447 F.3d at 1184 (noting that the Government's overbroad proposed redactions reinforced the court's decision to unseal records). As addressed in more detail below, the Government has moved to "seal the petition and the supporting documents" in this matter, Motion to Dismiss or in the Alternative for Sealing (ECF No. 8) ("Gov't's Motion), even though they contain only publicly available information. And the Government has publicly offered, at most, generalities to explain why the

REPLY IN SUPPORT OF APPLICATION
TO UNSEAL COURT RECORDS (Misc. Case No. 2:21-mc-0007)
4842-9570-4024v.1 0050033-006147

8

Davis Wright Tremaine LLP
Law Offices
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

unsealing of anything other than the names of individuals identified in judicial records in Case Nos. GJ-17-432 and GJ-19-097 would cause harm in light of the information that is already public. That showing is plainly insufficient to overcome the common law presumption of access.

**II.     The constitutional right of access applies and is not overcome.**

Because the common law analysis in this case is straightforward, the Court need not reach application of the public's First Amendment right of access. To be clear, however, the Government's application of the First Amendment framework is, like its conception of the common law right, faulty. The Government's argument is premised on the notion that All Writs Act proceedings are akin to warrant proceedings—so much so, in fact, that a court order issued under the All Writs Act is more like a warrant than it is like, say, another type of court order issued under the All Writs Act. That framing makes little doctrinal or descriptive sense.

As the Ninth Circuit has explained, and as the Government appears to concede, courts must apply "the experience and logic test to *each* category of documents sought." *Index Newspapers*, 766 F.3d at 1084 (emphasis added); Gov't's Resp. at 8. Thus, the Government's insistence that the analysis as to AWA materials must mirror the analysis applicable to warrants just because AWA materials may be filed in a proceeding ancillary to the execution of a warrant is meritless. *Index Newspapers* itself applied the *Press-Enterprise II* framework separately to different filings in a contempt hearing "ancillary to a grand jury investigation"; it did not, as the Government's arguments would seemingly require, treat them all as subject to the rule for grand jury secrecy. 766 F.3d at 1093. Simply put, Petitioners ask the Court to address 'All Writs Act orders,' 'All Writs Act applications,' and 'docket sheets' separately because those are the "categor[ies] of documents sought," and the law of the Ninth Circuit requires it. *Id.* at 1084.

The Government's contention that "court orders issued under the All Writs Act" or "motions for relief under the All Writs Act" are less coherent categories for these purposes than

REPLY IN SUPPORT OF APPLICATION
TO UNSEAL COURT RECORDS (Misc. Case No. 2:21-mc-0007)
4842-9570-4024v.1 0050033-006147

9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

"filings related in some way to a warrant" is also wrong as a descriptive matter. A technical-assistance order "functions rather like a writ of mandamus" or other form of extraordinary relief available under the All Writs Act "in that it compels a party to carry out a specific performance." Jennifer X. Luo, *Decoding Pandora's Box: All Writs Act and Separation of Powers*, 56 Harv. J. Legis. 257, 274 (2019). That resemblance is hardly a coincidence; a court's jurisdiction to issue technical-assistance orders rests on an analogy to the role of the All Writs Act in ordinary civil contexts. As the Ninth Circuit has explained, a technical-assistance order issues "in aid of the court's potential jurisdiction to receive an indictment if significant violations of the law are discovered," just as a court may issue a status-quo-preserving injunction under the Act "in aid of its potential jurisdiction" in a civil action yet to be filed. *United States v. Mountain States Tel. & Telegraph Co.*, 616 F.2d 1122, 1129 n.7 (9th Cir. 1980) (citing *FTC v. Dean Foods*, 384 U.S. 597 (1966)). And, indisputably, applications for relief in the form of mandamus or an injunction have historically been litigated in open court. *Cf. Ctr. for Auto Safety*, 809 F.3d at 1100 (recognizing a common law right of access to preliminary-injunction filings). Petitioners do not distinguish technical-assistance proceedings from other All Writs Act proceedings, then, because there is no basis for doing so. They are the same proceedings with different subject matters.

Logic reinforces the conclusion that proceedings seeking technical-assistance orders are like other extraordinary-relief proceedings (and unlike warrants) in ways that bear critically on the public's interest. In the warrant context, while the proceeding "adjudicate[s] important constitutional rights," *Custer Battlefield Museum*, 658 F.3d at 1194 (internal quotation omitted), at base the court's role is to determine whether the application demonstrates probable cause; constitutional and other objections to the search can be resolved at a subsequent suppression hearing to which the public's First Amendment right of access will attach. *See United States v. Brooklier*, 685 F.2d 1162, 1169–71 (9th Cir. 1982). Put another way, even where compelling

REPLY IN SUPPORT OF APPLICATION   10
TO UNSEAL COURT RECORDS (Misc. Case No. 2:21-mc-0007)
4842-9570-4024v.1 0050033-006147

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

interests overcome the public's right of access to warrant materials pre-execution, the public's entitlement to scrutinize the legal and factual basis for the search is deferred but not denied.

An All Writs Act hearing, by comparison, is very much the proper forum for a third-party to object to being bound by a technical-assistance order, just as a party is entitled to notice and opportunity to be heard on an opposing party's request for a preliminary injunction. *See Mountain States*, 616 F.2d at 1133; *In re Installation of a Pen Register or Touch–Tone Decoder & Terminating Trap*, 610 F.2d 1148, 1157 (3d Cir. 1979). Indeed, it may be the *only* forum for those questions because it remains unsettled whether a criminal defendant is entitled to suppression where an All Writs Act order was obtained in violation of the rights of the third-party technology provider. *See United States v. Baker*, 868 F.3d 960, 969–70 & n.4 (11th 2017). If the Government's rule were the law, no judicial opinion resolving the legality of particular investigative techniques under the All Writs Act would ever be published. That has not, thankfully, been the practice of the federal courts. *See In re Apple*, 2015 WL 5920207, at *1.

These features of All Writs Act proceedings highlight why the matters here are of such public interest. To Petitioners' knowledge, no court has ruled on the propriety of the assistance the Government sought from Sabre in a published opinion. *Cf. In re Application for an Order Authorizing the Use of a Pen Register and a Trap and Trace Device*, 396 F. Supp. 2d 294, 326 n.24 (E.D.N.Y. 2005) (noting that the Government had asserted the legality of "hotwatch" orders but "cite[d] no decision approving the use of the All Writs Act for such purposes"). And to Petitioners' knowledge, no court has done so since the Supreme Court affirmed that individuals have a reasonable expectation of privacy in "the whole of their physical movements." *Carpenter v. United States*, 138 S. Ct. 2206, 2217 (2018). The public has an interest in knowing whether difficult legal questions have been fairly raised and, if so, how the courts have resolved them.

REPLY IN SUPPORT OF APPLICATION
TO UNSEAL COURT RECORDS (Misc. Case No. 2:21-mc-0007)
4842-9570-4024v.1 0050033-006147

11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### III.  The Government's request to seal the Application is meritless.

It bears addressing directly the Government's suggestion that Petitioners wrongfully obtained the Southern District of California order attached as an exhibit to their Application. The Government represents that the order was "mistakenly unsealed for a brief period in February 2020," suggesting it was quickly resealed.  Gov't's Motion at 2.  That is misleading at best.  The order was unsealed on February 14, 2020 and remained available on the public docket until *at least* March 10, 2020, when Mr. Brewster retrieved it via PACER.  Brewster Decl., ¶ 2. Mr. Brewster reported on the contents of that order—which states it was "Unsealed by Order of the Court"—in an article published in July 2020.  Brewster, *supra*.  And at all times since it was published, that story has included a link to a copy.  Brewster Decl., ¶ 3.  While that order no longer appears to be available via PACER, there is nothing on the public docket to indicate that it was resealed or is subject to a sealing order.  Gov't's Motion, Ex. A.  If it has been resealed, there is nothing in the record before this Court to indicate why or when that occurred.

Finally, despite the Government's insistence that the order from the Southern District of California be sealed, none of the interests the Government cites in support of secrecy apply to it. The matter is publicly docketed.  *See United States v. Kher*, No. 3:19-cr-04643 (S.D. Cal. Feb. 14, 2020) (ECF No. 8) (minute order) (unsealing the indictment).  The defendant in that case was indicted, arrested, and ultimately entered a guilty plea.  *See* Order Accepting Plea, *United States v. Kher*, No. 3:19-cr-04643 (S.D. Cal. Oct. 13, 2020) (ECF No. 25).  The Government's assertion that a publicly available order must be sealed to avoid harm to ongoing investigations is meritless—but a telling measure of the Government's view of the public's rights of access.

REPLY IN SUPPORT OF APPLICATION
TO UNSEAL COURT RECORDS (Misc. Case No. 2:21-mc-0007)
4842-9570-4024v.1 0050033-006147

12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## CONCLUSION

For the foregoing reasons, Petitioners respectfully request that the Court enter an order unsealing the docket and other judicial records in Case Nos. GJ-17-432 and GJ-19-097.

DATED this 5th day of March, 2021.

                         Davis Wright Tremaine LLP

                         By *s/ Ambika Kumar Doran*
                               Ambika Kumar Doran, WSBA # 38237
                               920 Fifth Avenue, Suite 3300
                               Seattle, WA 98104-1610
                               Telephone: (206) 757-8030
                               Fax: (206) 757-7030
                               E-mail: ambikadoran@dwt.com

                         REPORTERS COMMITTEE FOR
                         FREEDOM OF THE PRESS
                               Katie Townsend
                               *Pro hac vice*
                               1156 15th Street NW, Suite 1020
                               Washington, D.C. 20005
                               Telephone: (202) 795-9300
                               Fax: (202) 795-9310
                               E-mail: ktownsend@rcfp.org

                         *Attorneys for Petitioners Forbes Media LLC and Thomas Brewster*

REPLY IN SUPPORT OF APPLICATION
TO UNSEAL COURT RECORDS (Misc. Case No. 2:21-mc-0007)
4842-9570-4024v.1 0050033-006147

13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax