1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE:

APPLICATION OF FORBES MEDIA
LLC AND THOMAS BREWSTER TO
UNSEAL COURT RECORDS

NO. 2:21-mc-0007-RSM

ORDER DENYING PETITION TO
UNSEAL COURT RECORDS

This matter comes before the Court on Petitioners Forbes Media LLC ("Forbes") and its Associate Editor Thomas Brewster ("Brewster")'s Petition to Unseal Court Records.  Dkt. #1.

Petitioners move to unseal certain court records relating to two orders under the All Writs Act, 28 U.S.C. § 1651, that required Sabre, a travel technology firm, to assist the United States government in effectuating an arrest warrant (the "AWA Orders"). Petitioners believe that the AWA Orders were issued by this Court in 2017 and 2019, respectively, and are docketed at GJ-17-432 and GJ-19-097.  Petitioners suggest that the records they seek date back to 2016 and that it is likely "that the underlying arrest warrants, which are now more than a year old, have already been executed." *Id*. at 11.

Petitioners apparently became aware of the records in this Court from "records unsealed in the Southern District of California in February 2020." *Id.* at 4.  Petitioners have attached as an exhibit to their petition a document from a criminal case in the Southern District of California that makes reference to orders filed in this GJ docket of this district.  Dkt. #1-1.

ORDER DENYING PETITION TO UNSEAL COURT
RECORDS - 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Petitioners state that their exhibit was "unsealed per order of the Court," and a heading stamped on the exhibit indicates the same. *Id.* But the docket of the Southern District of California case, submitted by the Government at Dkt. #8-1, does not include an entry for petitioners' exhibit. Instead, the document was mistakenly unsealed for a brief period in February 2020 but is currently subject to seal. Petitioners apparently retrieved the application and order during the temporary, mistaken unsealing.

The Government argues that the records Petitioners seek "relate to active investigation(s)—All Writs Act orders issued to assist the United States in its efforts to execute sealed federal arrest warrants against foreign nationals located abroad in connection with sealed indictments in an ongoing criminal investigation or investigations." Dkt. #9 at 3 (citing an attached declaration of Special Agent Jared S. Brown). The records contain information regarding grand jury investigation(s), fugitive investigation(s), and law enforcement's efforts to arrest charged individuals, among other things, and, the Government maintains, disclosing that information would frustrate their efforts to apprehend individuals who have been charged with federal crimes.

The First Amendment protects a qualified right of access to several stages of criminal proceedings. *Press-Enterprise Co. v. Superior Court. of Calif. for Riverside County*, 478 U.S. 1, 8 (1986) (*Press-Enterprise II*); *Globe Newspaper Co. v. Superior Court for Norfolk County*, 457 U.S. 596, 603-04 (1982) (recognizing "the First Amendment right of access to criminal trials"); *United States v. Doe*, 870 F.3d 991, 996 (9th Cir. 2017).

When this qualified right attaches to a particular criminal proceeding, the proceeding may nevertheless be closed to the public if "closure is essential to preserve higher values and is

ORDER DENYING PETITION TO UNSEAL COURT
RECORDS - 2

narrowly tailored to serve that interest." *Press-Enterprise II*, 478 U.S. at 13-14 (quoting *Press-Enterprise Co. v. Superior Court of Calif., Riverside County*, 464 U.S. 501, 510 (1984) (*Press-Enterprise I*)).

To determine whether a qualified First Amendment right of access attaches to a particular criminal proceeding, courts apply a two-part "experience and logic" test that considers (1) "whether the place and process have historically been open to the press and general public," and (2) "whether public access plays a significant positive role in the functioning of the particular process in question." *Press-Enterprise II*, 478 U.S. at 8-9; Doe, 870 F.3d at 997.  While courts must consider both "historical experience" and "logic" to determine whether the public has a First Amendment right to access to a particular proceeding, Ninth Circuit authority recognizes that "logic alone, even without experience, may be enough to establish the right." *In re Copley Press, Inc*., 518 F.3d 1022, 1026 (9th Cir. 2008) (citation omitted).

Here, Petitioners' unsealing request fails both prongs of the experience-and-logic test. The experience test fails here because there has not traditionally been public access to proceedings involving third party assistance in the execution of a sealed arrest warrant.  *See In re Granick*, 388 F. Supp. 3d 1107, 1129 (N.D. Cal. 2019) ("There is no Ninth Circuit authority recognizing a First Amendment right to access technical assistance orders under the [AWA].").  Under the logic prong of the test, the Court finds that the AWA materials at issue are not the type that would benefit from public scrutiny given the ongoing nature of the criminal investigation or investigations.  Even if petitioners had a qualified First Amendment right to access the All Writs Act materials, the Court would continue to maintain these records under seal because "closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Press-*

ORDER DENYING PETITION TO UNSEAL COURT
RECORDS - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

*Enterprise II*, 478 U.S. at 13-14 (quoting *Press-Enterprise I*, 464 U.S. at 510); *Doe*, 870 F.3d at 998. The Court finds that the records at issue relate to at least one ongoing fugitive investigation. Unsealing the All Writs Act materials could therefore jeopardize the Government's ongoing efforts to investigate and prosecute the underlying crimes. Opening that information to the public could prompt the subject(s) of the investigation(s) or their associates to take steps to evade apprehension and endanger law enforcement officers who attempt to arrest them in the future.

The Supreme Court has recognized a qualified "common-law right of access to judicial records," which amounts to "a general right to inspect and copy public records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). However, "[a] narrow range of documents is not subject to the right of public access at all because the records have 'traditionally been kept secret for important policy reasons.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)). And even for documents that are subject to the right of public access, the right is not absolute. *Nixon*, 435 U.S. at 598. The Ninth Circuit has explained that the common law right of access does not extend to all judicial records; instead, petitioners must make a threshold showing that "disclosure would serve the ends of justice." *United States v. Schlette*, 842 F.2d 1574, 1581 (9th Cir. 1988).

The Court finds that the AWA materials at issue are all documents which have traditionally been kept secret for important policy reasons. Furthermore, the Government has articulated compelling reasons to justify the continued sealing of these records, and Petitioners have failed to show that disclosure here would serve the ends of justice. The Court will not unseal these records based on a common law right of access.

ORDER DENYING PETITION TO UNSEAL COURT
RECORDS - 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Finally, the Court agrees with the Government that unsealing these materials with redactions, mentioned only in passing by Petitioners, would not adequately protect the Government's stated interests given the ongoing nature of the criminal investigations.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Petitioners' Petition to Unseal Court Records, Dkt. #1, is DENIED.  All Motions in this proceeding are STRICKEN as MOOT.  This case is CLOSED.

Dated this 21st day of July, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE